**Tommy Ray DEVINE, Plaintiff,**

v.

**Donald BYRD, Sheriff, Dallas County, Defendant.**

**No. CA 3–82–1326–R.**

United States District Court,
N.D. Texas,
Dallas Division.

Dec. 7, 1982.

As Amended Jan. 1, 1987.

Tommy Ray Devine, pro se.

Charles J. Baldree, Asst. Dist. Atty., Federal Section, Frank Betancourt, DeHay & Blanchard, Dallas, Tex., for defendant.

---

**1.** *Lane v. Wallace,* 579 F.2d 1200, 1203 (10th Cir.1978) (*as summarized in headnote 6*), which also opines—in the words of Francis Bacon's classic "Judicature" essay—"And let not counsel at the bar chop with the judge, nor wind himself into the handling of the cause anew after the judge hath declared his sentence."

**2.** But see this Court's nearby opinions in *United States v. Central Adjustment Bureau,* 667 F.Supp. 370 (N.D.Tex.1986), and *Shafer v. Commander, Army Air Force Exchange Service,* 667 F.Supp. 414 (N.D.Tex.1985).

**3.** The *shortest oral opinion* may have been at the sentencing of a defendant convicted of murder, who pleaded: "As God is my judge, I didn't do it. I'm not guilty." *The judge replied:* "He isn't. I am. You did. You are." Green, "*It's Legal to Laugh,*" 48–49 (Vantage Press 1984).

OPINION

BUCHMEYER, District Judge.

"A judge should not talk too much." [1]
Therefore [2] ...
This *pro se* § 1983 suit seeks "good time credit."
But the plaintiff is now dead.[3]
That means this suit is, too.
The first is with prejudice.[4]
The second, without.
Dismissed.

---

**4.** The *shortest written opinion* may have been by the Supreme Court of California in 1855. The plaintiff was injured when he fell into an unguarded hole in the sidewalk in front of the defendants' store. The defense was that the plaintiff was negligent because he was drunk. The *entire* opinion on appeal:

"The Court below erred in giving the third, fourth, and fifth instructions. If the defendants were at fault in leaving an unguarded hole in the sidewalk of a public street, the intoxication of the plaintiff cannot excuse such gross negligence. A drunken man is as much entitled to a safe street as a sober one, and much more in need of it.

"The judgment is reversed and the cause remanded."

*Robinson v. Pioche, Bayerque & Co.,* 5 Cal. 460 (1855); Green, *id.* at 75–76.